UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALONZO MAYES,

                    Petitioner,                  **DECISION AND ORDER**
                                                                                **No. 03-CV-0417(RJA)(VEB)**

     - vs -

E.R. DONNELLY,

                    Respondent.
_____

*Pro se* petitioner Alonzo Mayes ("Mayes") currently has pending a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Respondent has answered the petition. (Docket Nos. 9 & 10). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (Docket No. 13).

Mayes has written to the Court "requesting that the Court hold petitioner's petition in abeyance until Petitioner's [C.P.L. §] 440[.10] motion relating to count 1 of the indictment . . . (Manslaughter) is adjudicated by the state courts . . . ." (Docket No. 15). Mayes states that his pending C.P.L. § 440.10 motion is "based upon the same two issues that form the basis for habeas corpus relief for the pending petition . . . as it relates to a separate homicide which was charged under the same indictment . . . ." (*Id.*).

Before it can adjudicate Mayes' motion for a stay, the Court must obtain further information from Mayes so as to permit review of the stay motion in light of the factors set forth by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the Supreme Court stated,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the

> district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.
>
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

544 U.S. at 277-78. Thus, in *Rhines*, 544 U.S. at 277, the Supreme Court limited the district courts' approval of stay requests only to those situations where there is a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition and that the unexhausted claims are not "plainly meritless," or, stated another way, the claims are "potentially meritorious." *See id.* at 277-78. *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005), or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

2

Mayes is therefore instructed to re-file his motion for a stay, specifically addressing the *Rhines* factors. First and foremost, the Court requires additional information regarding the claims that he is exhausting in the C.P.L. § 440.10 motion. Mayes states that they are "based upon the same two issues that form the basis for habeas corpus relief for the pending petition . . . as it relates to a separate homicide which was charged under the same indictment." (Docket No. 15). The Court directs that Mayes briefly set forth the factual basis and the legal authority for the claims he is exhausting in the C.P.L. § 440.10 motion. The Court notes Mayes was indicted on several murders in the indictment at issue. Thus, at the very least, Mayes needs to specify the case to which his new claims pertain. The Court must have enough information from Mayes about the claims so that it can assess whether the claims are "potentially meritorious."

Second, it appears that the claims in the pending C.P.L. § 440.10 motion are based on the *same* legal theories as the claims raised in his original Petition, but are based on different underlying facts. Therefore, Mayes must, in addition to re-filing the motion to stay, file and serve upon respondent a motion to amend the petition along with a proposed amended petition. The amended petition should include both the original claims and the proposed new claims referenced in his pending motion to stay.

Third, in the motion to amend, Mayes must address the issue of whether the new claims are timely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) - (D). If the statute of limitations has expired, then the Court must find that the claims "relate back" to the originally pled claims pursuant to Federal Rule of Civil Procedure 15(c) and *Mayle v. Felix*, 545

3

U.S. 644, (2005).[1]

Fourth, Mayes must provide information so as to enable the Court to address the "good cause" requirement in *Rhines*. Specifically, Mayes should explain to the Court what prevented him from exhausting these claims before he filed his original habeas petition in federal court.

Fifth, Mayes should also provide information regarding the status of his C.P.L. § 440.10 motion. That is, Mayes should inform the Court whether the motion is still pending before the motion court and whether he has completed his appeal to the Appellate Division.

Accordingly,

**IT IS HEREBY ORDERED** that, petitioner's motion (Docket No. 15) to hold the petition in abeyance is **denied without prejudice with leave to re-file** upon a showing pursuant to *Rhines*, 544 U.S. at 277, that (1) there is "good cause" for petitioner's failure to exhaust the new claim or claims, (2) that the new claims "relate back" to the claims originally pled in the petition and (3) that the new claims are potentially meritorious. If petitioner re-files the motion to stay, he must also serve it on respondent's counsel.

**FURTHER**, to the extent petitioner seeks to add new claims to the petition, he shall, in addition to re-filing the motion to hold the petition in abeyance, file and serve upon respondent a motion to amend the petition which addresses the issue of timeliness of the new claim or claims and "relation back" pursuant to *Mayle v. Felix*, 545 U.S. 644 (2005). He shall also attach to this motion a proposed amended petition that raises **both** the claims now raised in the petition and the new claim or claims petitioner needs to exhaust.

---

[1] "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

**Nothing contained in this Order shall be considered to be a limitation on petitioner's ability to pursue any state court remedies that may be available to him.**

**FURTHER**, the Clerk of the Court shall forward to petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner shall use for his proposed amended petition.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   February 9, 2009
         Buffalo, New York.